Jacquelynn D. Carmichael (6522)
EISENBERG & GILCHRIST
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
(801)-366-9100

*Attorneys for Plaintiffs*

SECOND DISTRICT COURT

2008 JUN 27  PM 4: 00

JUN 3 0 2008

Plaintiff's First Amended Complaint (Jury Demand Rer

VD24383536          pages: 10
080903466   WENDY'S INTERNATIONAL INC

IN THE SECOND JUDICIAL DISTRICT COURT

IN AND FOR WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| CHRISTINE MALAN, BROOKE ELDER, ANDREA EWING, DEBORAH HULL, DEBORAH HULL as legal guardian and on behalf of her son JEDDEDIAH HULL, SALLY GIATRAS, STEPHANIE O'KEEFE, and ROLAND CULVER, | **PLAINTIFFS' FIRST AMENDED COMPLAINT (JURY DEMAND RENEWED)** |
| Plaintiffs, | |
| vs. | |
| WENDY'S INTERNATIONAL, INC. an Ohio corporation, WENDY'S OLD FASHIONED HAMBURGERS OF NEW YORK, INC., an Ohio corporation, PACIFIC INTERNATIONAL MARKETING, INC., a California corporation; and A&A FARMING, INC., a California corporation, | Case No. 080903466<br><br>Judge: Parley R. Baldwin |
| Defendants. | |

Plaintiffs, by and through counsel, hereby complain against the above-captioned

defendants and for causes of action allege the following:

## PARTIES AND JURISDICTION

1.   Plaintiffs are individuals residing in the State of Utah.

2.   Defendants Wendy's International, Inc. and Wendy's Old Fashioned Hamburgers of New York, Inc. (hereinafter "Wendy's") are Ohio corporations authorized to do business in the State of Utah and regularly cause their products to be sold in the State of Utah.  Further, Defendant Wendy's Old Fashioned Hamburgers of New York, Inc. is a wholly-owned subsidiary of Wendy's International, Inc. and owns and operates the Wendy's restaurant located at 2495 N. 400 E. Ogden, Utah.

3.   Defendant Pacific International Marketing, Inc. ("Pacific")  is a California corporation that supplies lettuce and related produce to Wendy's, including the Wendy's located at 2495 N. 400 E. in Ogden, Utah.

4.   Defendant A&A Farming, Inc. ("A&A") is a California corporation that grows lettuce and other related produce.  Upon information and belief, A&A supplies lettuce to Pacific.

5.   This Court has jurisdiction over this action pursuant to Utah Code Ann. §78-27-24.

6.   Venue is appropriate in this Court pursuant to Utah Code Ann. §78-13-7 as all of the acts and/or omissions giving rise to the subject claims occurred in Weber County, State of Utah.

## GENERAL ALLEGATIONS

7.   Defendant Wendy's owns and operates  the Wendy's restaurant located at 2594 North 400 East, North Ogden, Utah 84414 (the "Restaurant").

2

8.    During the months of June and/or July, 2006 Plaintiffs purchased and/or consumed food prepared and served by the Restaurant.

9.    The food served to, and consumed by, Plaintiffs was contaminated with the *E. Coli* bacteria. Several of the Plaintiffs consumed the Restaurant's contaminated food at a Teacher's Conference that was catered by the Restaurant from June 27 through June 30, 2006. Other plaintiffs contracted the E. Coli infection from eating at the Restaurant during the outbreak period and/or from secondary transmission from individuals who became infected with the bacteria after consuming contaminated food served by the Restaurant at the subject Teacher's Conference.

10.   In early August 2006, the Weber County Health Department became aware of the *E.Coli* outbreak and, after investigating the outbreak, determined that the source of the infection was contaminated iceberg lettuce prepared at the Wendy's Restaurant located at 2500 North 400 East in North Ogden, Utah.

11.   In 2004, Defendant Pacific entered into a supplier agreement with Wendy's International, Inc. Upon information and belief, the terms of the supplier agreement grant Pacific the non-exclusive right to provide to Wendy's restaurants the following produce items: Naked Palletized Lettuce, Romaine Lettuce, and Wendy's Spring Mix.

12.   Upon information and belief, in the supplier agreement Pacific warranted that all products it supplied to Wendy's would comply with all federal, state, and local laws, guidelines, regulations, and directives, and industry or association standards. Pacific also warranted that it would supply produce to Wendy's that would not be adulterated within the

3

meaning of the Federal Food, Drug and Cosmetic Act, or fail to be in compliance with all federal, state, and local laws, regulations, and directives, and industry or association standards.

13.    Upon information and belief, Pacific supplied Wendy's with the lettuce product that is alleged to have caused Plaintiffs' injury and harm.

14.    Upon information and belief, the lettuce that is alleged to have caused Plaintiffs' injury and harm was grown by A&A at its farm in Santa Maria, California.

15.    It was later determined that at least 69 people had become ill as a result of the subject outbreak.  It was also determined that the method of preparation of the iceberg lettuce utilized by the Restaurant was a direct and proximate cause of the contamination of the lettuce.

16.    In the alternative, upon information and belief, any alleged contamination or adulteration of the lettuce occurred while it was still in the possession of Defendant Pacific and/or Defendant A&A.

17.    Defendants and each of them knew that the lettuce in question would be used in the Wendy's restaurants for human consumption.

18.    As a result of their *E.coli* poisoning, Plaintiffs have suffered severe injuries.  Plaintiffs were hospitalized and/or treated by their physicians in connection with their *E-coli* poisoning.   Several of the plaintiffs developed complications as a result of their *E-coli* poisoning that necessitated additional medical care and treatment.  Several of the plaintiffs continue to suffer the ill effects of the *E. Coli* poisoning in question.

Accordingly, Plaintiffs have suffered, and will continue to suffer, economic losses and other damages including, without limitation, past and future medical and care expenses, loss of wages, loss of earning capacity, and loss of the ability to provide household services.  Plaintiffs have also suffered general damages resulting from physical and emotional pain and suffering and loss of the enjoyment of life.

19.   This is not the first outbreak of *E.Coli*-contaminated lettuce to occur at a Wendy's restaurant being supplied by Defendants Pacific and/or A&A.  In August, 2000, an E.Coli outbreak occurred at a Wendy's restaurant owed by the Defendant in Salem, Oregon.

20.   Defendant's conduct in failing to prevent the *E.Coli* contamination of the lettuce in question despite one or more prior occurrences of such contamination manifests a knowing and reckless indifference toward and disregard of the rights of the Plaintiffs.

21.   Plaintiffs should be awarded punitive damages to prevent defendants from repeating this knowing and reckless conduct and to serve as a deterrence to others.

### FIRST CLAIM FOR RELIEF

(Strict Product Liability–all Defendants)

22.   Paragraphs 1-21 are realleged as if fully set forth herein.

23.   At the time the food was placed in the stream of commerce by one or more of the defendants, the food was defective and unreasonably dangerous because it was adulterated, not fit for its particular purpose and contaminated with *E. Coli*.

5

24. The food was consumed on the premises and/or at the Teacher's Conference that was catered by the Restaurant and was not altered or changed between the time it was sold and/or provided to the plaintiffs and the time it was consumed by them.

25. Defects in the food were the direct and proximate cause of the plaintiffs' *E.Coli* poisoning and the injuries sustained by the Plaintiffs.

26. Defendants are strictly liable for the injuries and damages sustained by the Plaintiffs.

## SECOND CLAIM FOR RELIEF
(Negligence–all Defendants)

27. Paragraphs 1-26 are realleged as if fully set forth herein.

28. Defendants owed Plaintiffs a duty of care in the proper growing, handling, distribution, preparation and storage of the lettuce, employing of safety procedures to prevent the contamination and adulteration of the lettuce, as well as the proper training of its employees with respect to the same.

29. Defendants failed to exercise reasonable care in the following respects:

(A) growing, harvesting, shipping, supplying, handling and distribution of the lettuce;

(B) preparation, handling and storage of the lettuce;

(C) sanitation policies for employees of the Restaurant;

(D) training of Defendants' employees in safe and proper harvesting, growing, shipping, and supplying techniques;

(E) training of its employees in safe and proper food handling, preparation and storage techniques; and

(F) other acts or omissions as may be proven by the evidence

30.   Defendants' acts and/or omissions in failing to exercise reasonable care as outlined herein constituted negligence which was the proximate cause of the Plaintiffs' *E.Coli* poisoning and the injuries and damages sustained as a result thereof.

## THIRD CLAIM FOR RELIEF
(Breach of Express Warranties–all Defendants)

31.   Paragraphs 1-30 are realleged as if fully set forth herein.

32.   Defendants, and each of them, expressly warranted that the lettuce was free from defects and adulteration and was safe for human consumption.

33.   Plaintiffs are intended third party beneficiaries of any and all Express Warranties given by Defendants Pacific and/or A&A to each other and/or Wendy's concerning the subject lettuce.

34.   Defendants breached their express warranties, and their breaches of warranty were a proximate cause of the accident and the injuries sustained by the Plaintiffs.

## FOURTH CLAIM FOR RELIEF
(Breach of Implied Warranty of Merchantability–all Defendants)

35.   Paragraphs 1-34 are realleged as if fully set forth herein.

36.   Defendants, and each of them,  were merchants with respect to the type of goods that included the lettuce, and implicitly warranted that the subject lettuce was merchantable.

37.   Plaintiffs are intended third party beneficiaries of any and all warranties of merchantability given by Defendants Pacific and/or A&A to each other and/or Wendy's with respect to the subject lettuce.

7

38.   Defendants, and each of them, breached their implied warranties of merchantability, and
      their breaches of warranty were a proximate cause of the accident and the injuries
      sustained by the Plaintiffs.

## FIFTH CLAIM FOR RELIEF
(Breach of Implied Warranty of Fitness for a Particular Purpose–all Defendants)

39.   Paragraphs 1-38 are realleged as if fully set forth herein.

40.   Defendants had reason to know (A) the particular purpose for which the food would be
      used, and (B) that the purchaser of the food was relying on Defendants' skill and
      judgment to provide a suitable product.

41.   Defendants, and each of them, implicitly warranted that the food was fit for the particular
      purpose for which it was required.

42.   Plaintiffs are intended third party beneficiaries of any and all warranties of fitness for a
      particular purpose given by Defendants Pacific and/or A&A to each other and/or
      Wendy's with respect to the subject lettuce.

43.   Defendants breached their implied warranties of fitness for a particular purpose, and their
      breaches of warranty were a proximate cause of the accident and the injuries sustained by
      the Plaintiffs.

## SIXTH CLAIM FOR RELIEF
(Breach of Contract–Third Party Beneficiary–against Pacific)

44.   Paragraphs 1-43 are realleged as if fully set forth herein.

45.   Upon information and belief, Wendy's International and Pacific entered into a valid and
      binding contract whereby Pacific agreed to provide to Wendy's lettuce that (1) complied

with all federal, state, and local laws, regulations, guidelines, and directives, and industry and association standards; (2) would not be adulterated within the meaning of the Federal Food, Drug, and Cosmetic Act.

46. Customers of Wendy's that would be consuming the food products supplied by Pacific, including the Plaintiffs named herein, were clearly intended third party beneficiaries of the subject contractual provision.

47. Upon information and belief, Pacific breached its contract with Wendy's by supplying lettuce that was contaminated and adulterated within the meaning of the Federal Food, Drug and Cosmetic Act with *E.Coli*, in violation of federal, state, and local laws, regulations, guidelines, directives, and industry standards.

48. As a direct and proximate result of Pacific's breach of its contract with Wendy's, Plaintiffs have been harmed in an amount to be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

(a)     For general damages in an amount to be determined at trial;

(b)     For special damages in an amount to be determined at trial;

(c)     For consequential damages in an amount to be determined at trial;

(d)     For punitive damages in an amount calculated to punish and deter;

(e)     For costs, interest and attorney fees to the extent allowed by law; and

(f)     For such other relief as the court deems appropriate.

9

## JURY DEMAND RENEWED

Plaintiffs hereby renew their prior demand for jury trial of all issues that may be tried of

right by a jury.

DATED this 21th day of June, 2008.

EISENBERG & GILCHRIST

Jacquelynn D. Carmichael
Attorneys for Plaintiffs

Plaintiffs' Addresses:

Christine Malan
1252 East 2250 North
North Ogden, Utah 84414

Brooke Elder
2041 Jenny Lane
Clearfield, Utah 84015

Andrea Ewing
1631 North 2850 West
Plain City, Utah 84404

Deborah and Jeddediah Hull
800 East 2600 North
North Ogden, Utah 84414

Sally Giatras
120 North Morgan Valley Dr.
Morgan, Utah 84050

Stephanie O'Keefe
1051 Kiesel Ave.
Ogden, Utah 84404

Roland Culver
3165 North Mountain view Drive
North Ogden, Utah 84414